UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODORO SEVERIANO ALCARAZ., <br><br> Plaintiff, <br><br> v. <br><br> ADAMS, et al., <br><br> Defendants. | No. 2:24-cv-0776 TLN AC P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for extension of time, request for refund, and request to withdraw the petition. ECF Nos. 15, 16.

I.  Background

On March 13, 2024, plaintiff filed the complaint in this case. ECF No. 1. The court directed plaintiff to file an in forma pauperis affidavit or pay the required filing fee plus the administrative fees. ECF No. 3. Plaintiff was advised that even if the court granted him leave to proceed with his case in forma pauperis, he would still be required to pay the full $350 filing fee. Id. at 1 n.1.

On April 17, 2024, plaintiff filed a motion to proceed in forma pauperis. ECF No. 4. On January 2, 2025, the court granted plaintiff's request to proceed in forma pauperis, screened the complaint, and found that plaintiff had stated cognizable claims of deliberate indifference to his

1

health and safety against defendants Casillas, Fears, and Adams, while his claims alleging deliberate indifference based on staff testing, medical deliberate indifference, and violations of equal protection and due process were insufficient. ECF No. 8. Plaintiff was given the option of amending the complaint or proceeding immediately on his cognizable claims against defendants Casillas, Fears, and Adams. Id. at 4-5. He was further advised that if he failed to notify the court how he wanted to proceed, the court would assume that he was choosing to proceed on the complaint as screened and recommend dismissal without prejudice of plaintiff's deliberate indifference claims based on staff testing, medical deliberate indifference, equal protection, and due process. Id. at 6.

On March 11, 2025, after the time to notify the court of his election had passed, the court issued an order finding service of the complaint appropriate as to defendants Casillas, Fears, and Adams. ECF No. 12. The court also issued findings and recommendations recommending that for the reasons stated in the prior screening order, ECF No. 8 at 4, plaintiff's claims of deliberate indifference based on staff testing, medical deliberate indifference, equal protection, and due process be dismissed without prejudice. ECF No. 11. Plaintiff was given twenty-one days to file objections to the court's findings and recommendations. Id. at 2.

On March 24, 2025, the court received a filing from plaintiff, captioned "Objections to Magistrate Judge Findings and Recommendations." ECF No. 15. On March 27, 2025, the court received plaintiff's request to withdraw the filing of his petition and for reimbursement of the filing fee. ECF No. 16.

II.     Motion for Extension of Time

Because the filing titled "Objections" does not articulate any objections, and instead seeks a stay to secure counsel but cites to no authority for such a stay, the court construes it as a motion for an extension of time to file objections to the court's findings and recommendations. Good cause appearing, the court will grant this motion and provide plaintiff with forty-five days to file objections to the court's findings and recommendations, if any.

///

///

     III.    <u>Request to for Refund and to Withdraw the Petition</u>

In support of his request to withdraw his petition and for a refund of the filing fee, plaintiff states he is an 80-year-old veteran of the U.S. Army who was brain washed into filing the petition, he is uneducated and federal and state law, he would like to withdraw the filing of this petition, and he would be grateful if the court could reimburse him the filing fee or a portion of any amount. <u>Id.</u>

With respect to the request for a refund, plaintiff is advised that neither the authorizing fee statute, 28 U.S.C. § 1914, nor the in forma pauperis statute, 28 U.S.C. § 1915, provides for the refund of the filing fee or portion of the filing fee for any reason. Considering this, courts have generally denied requests for refunds after the commencement of a case, even when the case has been voluntarily dismissed by plaintiff. <u>See</u> <u>Reed v. Newsom</u>, No. 3:20-cv-2439 AJB MDD, 2021 WL 3406283, at *3, 2021 U.S. Dist. LEXIS 146096, at *7 (S.D. Cal. Aug. 4, 2021) (the court lacks the authority to refund a filing fee even if a case is voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)); <u>Green v. Bank of America</u>, No. 2:12-cv-2093-GED-CKD PS, 2012 WL 5032414, at *1, 2012 U.S. Dist. LEXIS 149723, at *2-4 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41(a)); <u>see also</u> <u>Porter v. Dep't of Treasury</u>, 564 F.3d 176, 179 (3d Cir. 2009) (concluding that voluntary dismissal, dismissal due to jurisdictional defect, or dismissal on the merits do not entitle a litigant to a refund of their filing fee); <u>Goins v. Decaro</u>, 241 F.3d 260, 261 (2d Cir. 2001) ("fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals, and nothing in the PLRA suggests that Congress, after making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others"); <u>Hatchet v. Nettles</u>, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal."). Accordingly, although the court is sympathetic to plaintiff's situation, absent authority permitting the court to issue a refund under the circumstances in this case, the court denies plaintiff's request.

With respect to plaintiff's request to withdraw his pleading, plaintiff is advised that Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action

*without a court order if the notice of dismissal* is filed before the opposing party serves either an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Defendants have not filed an answer or motion for summary judgment and therefore plaintiff may proceed to file a notice of dismissal and does not need to seek leave from the court. Accordingly, plaintiff's request to withdraw his petition is denied. If plaintiff would like to proceed with dismissing this case, plaintiff can file a "Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i)," informing the court that he is dismissing this action. However, as noted above, even if plaintiff dismisses this action, he will still be required to pay the full $350 filing fee, subject to the terms of this court's prior order. See ECF No. 9.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for an extension of time (ECF No. 15) is GRANTED. Plaintiff is granted forty-five (45) days from the date of this order in which to file objections, if any, to the magistrate judge's findings and recommendations (ECF No. 11).

2. Plaintiff's requests to withdraw his petition and for refund (ECF No. 16) are DENIED.

3. If plaintiff would like to voluntarily dismiss this case, plaintiff should file a "Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i)" informing the court that he is dismissing this case. If the case is voluntarily dismissed, plaintiff will still be required to pay the full filing fee, if not already paid.

DATED: April 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE